**OKLAHOMA CATTLEMEN'S ASSOCIA-
TION, INC., Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. No. 68-278.**

United States District Court,
W. D. Oklahoma.

Dec. 18, 1969.

Burck Bailey, of Fellers, Snider, Baggett, Blankenship & Boston, Oklahoma City, Okl., for plaintiff.

William Burkett, U. S. Atty., Givens L. Adams, Asst. U. S. Atty., Oklahoma City, Okla., Gene A. Castleberry, Fort Worth, Tex., Eugene G. Sayre, Ben A. Douglas, Tax Division, Dept. of Justice, Johnnie M. Walters, Asst. Atty. Gen., of the United States, for defendant.

MEMORANDUM OPINION

DAUGHERTY, Judge.

Plaintiff is an exempt organization under the provisions of 26 U.S.C.A. § 501 (c) (5).[1] In 1960, Standard Life and Accident Insurance Company wrote a master insurance policy under which health, accident and life insurance coverage would be provided to consenting members of the association which Plaintiff represents. The policy was issued to

1. Plaintiff has claimed exemption under § 501(c) (5) relating to agricultural organizations and the government has treated in as exempt under § 501(c) (6) relating to business leagues. But by

Stipulation both parties agree that, "Plaintiff is a tax exempt agricultural organization under 26 U.S.C.A. § 501 (c) (5)."

Plaintiff and many of its members paid premiums and became insured under its provisions. Plaintiff paid no part of the premiums but rather received a rebate on the premiums paid by its members in the amount of five percent thereof. Plaintiff furnished the insurance company with its membership files and allowed the use of its name by the insurance company when the latter solicited members of the association to buy insurance under the master policy.

Defendant, through its Internal Revenue Service, assessed Plaintiff income taxes, penalties and interest on the amounts Plaintiff received from the insurance company for the years 1961 through 1964, which assessments Plaintiff paid. Plaintiff sought administrative refund of the assessments, and when the same was not achieved, it brought this suit to recover the taxes, penalties and interest it paid. Defendant, by stipulation with Plaintiff, does not contest Plaintiff's claim that the assessments for 1961 and 1962 are barred by limitations nor does Defendant contest Plaintiff's claim that the penalties for 1963 and 1964 are improper, and Defendant has consented that judgment be entered against it for the amounts involved in such claims.

Jurisdiction of this controversy is properly founded on 28 U.S.C.A. §§ 1346 (a) (1) and 1402(a) (2).

The issue here is whether the amounts received in 1963 and 1964 by Plaintiff as rebates on insurance premiums paid by members of the association which it represents constitute unrelated business taxable income under 26 U.S.C.A. § 501(b), as defined by 26 U.S.C.A. § 512(a). These sections provide, in pertinent part:

(26 U.S.C.A. § 501(b)) "Tax on unrelated business income.—An organization exempt from taxation under subsection (a) shall be subject to tax to the extent provided in part II of this subchapter (relating to tax on unrelated income), * * *."

(26 U.C.C.A. § 512(a)) "Definition.— The term 'unrelated business taxable income' means the gross income derived by any organization from any unrelated trade or business (as defined in section 513) regularly carried on by it * * *."

26 U.S.C.A. § 513(a) defining an unrelated trade or business provides in pertinent part:

"General rule.—The term 'unrelated trade or business' means in the case of any organization subject to the tax imposed by section 511 [which imposes the tax prescribed by 26 U.S.C.A. § 501(b)], any trade or business the conduct of which is not substantially related (aside from the need of such organization for income or funds or the use it makes of the profits derived) to the exercise or performance by such organization of its charitable, educational, or other purpose or function constituting the basis for its exemption under section 501 * * *."[2]

2. The applicable Treasury Regulation is Section 1.513-1 (prior to amendment in December 1967), viz:

"[¶ 3256] § 1.513-1. Definition of unrelated trade or business.—(a) In general. (1) As used in section 512(a), the term 'unrelated business taxable income' includes only income from an unrelated trade or business regularly carried on, and the term 'trade or business' has the same meaning as it has in section 162.

(2) The income of an exempt organization is subject to the tax on unrelated business income only if two conditions are present with respect to such income. *The first condition is that the income must be from a trade or business which is* *regularly carried on by the organization.* The second condition is that the trade or business must not be substantially related (aside from the need of the organization for income or funds or the use it makes of the profits derived) to the exercise or performance by such organization of its charitable, educational, or other purpose or function constituting the basis for its exemption under section 501, * * *. Whether or not an organization is subject to the tax imposed by section 511 shall be determined by the application of these tests to the particular circumstances involved in each individual case. * * * " (emphasis supplied).

On analysis of these provisions of the Internal Revenue Code, it appears that "unrelated business taxable income" is made up of the following three elements:

1. An activity which is a trade or business.

2. The trade or business is not substantially related to the exempt purposes of the organization.

3. The trade or business is regularly carried on by the exempt organization.

Evidence produced at trial before the Court showed that Plaintiff engaged in activities involving the group insurance program consisting of granting the insurance company continuing access to the membership files of the association, sending out one letter to its members regarding the insurance over the signature of Plaintiff's executive vice president, infrequent answering of an extension telephone, which had been placed in the Plaintiff's office by an agent of the insurance company, when the agent was out of his office (said office near the Plaintiff having been rented by the agent from Plaintiff's landlord), permitting the insurance company to use the association name and insignia on its insurance brochures sent to the association members, and, forwarding correspondence which had been sent to Plaintiff concerning the insurance program from association members to the insurance company.

■ The first problem is in defining "trade or business." It is nowhere defined in the Internal Revenue Code, except in 26 U.S.C.A. § 7701 it is stated to include public occupations. Webster's 3d New International Dictionary defines trade as "the business one practices or the work in which one engages regular-ly" and business as "a usu. commercial or mercantile activity customarily engaged in as a means of livelihood and typically involving an independence of judgment and power of decision." Neither "trade" nor "business" is considered a technical word or a word of legal art. 87 C.J.S. Trade p. 202, 12 C.J.S. Business p. 761. When one engages in a trade or business, he usually has some control over the result of his endeavors, as indicated by the above definitions. In none of the activities ascribed to Plaintiff is there any evidence of control over the possible financial result of these activities. If any revenue were generated, it would be by the sole efforts of the insurance company's agents in selling insurance to the association members. The selling of insurance, the servicing of the policy, the collection of premiums and payment of claims, in short, everything connected with the insurance program was wholly in the hands of the insurance company. The only significant participation of Plaintiff in the insurance program was that it was made available under its name to its members. Otherwise, Plaintiff was only passively involved. Thus, the activities of Plaintiff regarding the group insurance program by the common and generally accepted understanding of the terms cannot be considered a trade or business. Deputy v. Dupont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; Helvering v. Highland, 124 F.2d 556 (Fourth Cir. 1942); Orange County Builders Association, Inc. v. United States of America, 65–2 CCH US Tax Cases, 96, 828 (S.D.Cal.1965).[3]

■ Next, with reference to whether the group insurance program is not substantially related to the exempt purpose of Plaintiff, the arrangement of making group life, health and accident insurance available to the association membership at economic rates is deemed to be sub-

---

3. In this case an exempt home builders Association sponsored a Home Show run by a professional producer of shows for a percentage of gross receipts. It was held that such arrangement did not constitute a "trade or business."

stantially related to the purposes of the exempt organization. Plaintiff is an exempt organization by virtue of 26 U.S.C.A. § 501(c) (5). Plaintiff's Constitution states that it was organized to promote educational and scientific programs affecting the cattle industry of Oklahoma, to prevent cattle theft and control cattle diseases, to improve cattle breeding, " * * * and in all ways, in order to serve the mutual interests and common aims of the cattle men of Oklahoma, to do any and all things necessary or incident to the transaction of the business of the association * * *"

The membership of the association consists exclusively of persons who are self employed and who, unlike most salaried individuals, have no opportunity to participate in group insurance programs such as that involved herein. Making such insurance available to the membership is consistent with and substantially related to the stated purposes of the organization under the circumstances present, and, therefore, making the group insurance available to its members is related to its exempt purposes. The second element of no substantial relation to the exempt purpose of Plaintiff is, therefore, not present. Orange County Builders Association, Inc. v. United States of America, supra.[4]

Lastly, as the Plaintiff is not engaged in an activity which is a trade or business it follows that there cannot, thus, be a trade or business regularly carried on by Plaintiff.

Plaintiff is entitled to recover the amounts for which it has sued. Counsel for Plaintiff is directed to prepare a judgment in accordance with this Memorandum Opinion and submit the same to the Court within five (5) days from the date hereof.

4. The income derived from an exempt home builders organization by sponsoring a trade show run by a professional producer of shows did not emanate from an unrelated trade or business but was found to be related to its exempt purpose.