HELP THE CHILDREN, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61955. Filed August 30, 1957.

*John E. Cumming, Esq.*, for the petitioner.
*James D. Biltz, Esq.*, for the respondent.

#### OPINION.

LEMIRE, *Judge:* This proceeding involves deficiencies in income tax of petitioner for the years 1953 and 1954 in the amounts of $990.10 and $1,032.24, respectively.

The only issue is whether petitioner is entitled to exemption from taxation as a corporation organized and operated exclusively for charitable purposes.

All the facts have been stipulated, are so found, and are incorporated herein by reference.

Petitioner is an Ohio corporation having its principal office at Dayton, Ohio. It filed corporation income tax returns for the periods involved with the district director of internal revenue, Cincinnati, Ohio.

Petitioner was organized as a nonprofit corporation. Its articles of incorporation state that its purposes are to promote lawful forms of entertainment and amusement in the city of Dayton, to conduct bazaars, dances, contests, and other such forms of amusement in order to acquire funds and financial assistance for the care and assistance of needy children and children's institutions and, in general, to do and perform any and all acts to contribute to the progress, welfare, and advancement of the community.[1]

Petitioner's fund-raising activities consisted of the operation of bingo games at the Lodge of the Fraternal Order of the Eagles under a lease for a monthly rental of $3,500. It also operated a soda bar and miscellaneous activities. Admission was by petitioner's membership cards or as guest of a member. There was no charge for admission but a fixed charge or donation was assessed against each player for the use of the bingo card.

Income from the soda bar and miscellaneous activities was reported on the returns as $2,843.25 for 1953 and $3,672.64 for 1954. The gross

---

[1] The stipulation does not incorporate a copy of petitioner's charter.

receipts from the fixed charge or donation for the use of the bingo cards was $313,802.20 for 1953 and $306,309.85 for 1954. Petitioner paid back to members or guests as bingo awards the sum of $236,096.74 in 1953 and $228,521.54 in 1954. Salaries paid to employees in 1953 and 1954 were in the amounts of $25,603.25 and $27,744.50, respectively. In each of the years 1953 and 1954 petitioner paid to the Order of the Eagles the amount of $42,000 per year for the use of the second floor for the operation of its bingo games. The $3,500 per month rent is not excessive rent for the premises.

Petitioner did not operate any charitable institutions and its actual charitable function consisted of contributions to various individual doctors and institutions. These contributions totaled $2,880 in 1953 and $3,873.20 in 1954. Of such amounts $2,265 in 1953 and $2,454.95 in 1954 were paid directly to individual doctors. The remaining contributions were made to the following institutions:

| Institution | Amount | |
| --- | --- | --- |
| | 1953 | 1954 |
| Cerebral Palsy Fund | $100 | |
| Dayton Boys' Club | 80 | $1,000.00 |
| Polio Fund | 25 | 50.00 |
| Red Cross | 50 | 50.00 |
| St. Joseph Orphanage | 75 | |
| Montgomery County Society for Crippled Children | 10 | 100.00 |
| Montgomery County Society for Cancer Control | 50 | |
| Kennedy School for the Deaf | 225 | |
| Shawen Acres Children's Home | | 218.25 |
| Total | 615 | 1,418.25 |

The corporation is governed by a nonpaid board of trustees who are elected by the membership. Petitioner has no stockholders and no part of its net earnings inure to the benefit of any private shareholder or individual, other than employees who conduct the bingo games; no substantial part of its activities is carrying on propaganda, or otherwise attempting to influence legislation, nor does petitioner participate in, or intervene in, any political campaign on behalf of any candidate for public office.

It is stipulated that if petitioner is not entitled to tax-exempt status, the tax liability for 1953 will be $990.10 and $2,464.61 for 1954, based on net income as shown by the income tax returns with an adjustment for contributions, and, if entitled to tax-exempt status, there will be no tax liability for the taxable years involved.

Insofar as pertinent to the instant proceeding, the provisions of

section 101 (6) of the Internal Revenue Code of 1939 and section 501 (c) (3) of the 1954 Code [2] are substantially similar.

Petitioner merely argues that it is a nonprofit corporation; that its profits cannot be channeled for other than charitable purposes; and that the ultimate destination test and not the source of the funds should be applied. Petitioner relies upon *Unity School of Christianity*, 4 B. T. A. 61. Since the *Unity* case was decided, the statute has been amended and the amended statute so frequently construed that the decision is not controlling upon the facts here presented.

The respondent contends that during the taxable years involved, petitioner was not operated exclusively for charitable purposes, which is one of the statutory conditions that must be met to entitle it to exemption from taxation. *Ralph H. Eaton Foundation* v. *Commissioner*, 219 F. 2d 527, affirming Memorandum Opinion of this Court; cf. *United States* v. *Community Services, Inc.*, 189 F. 2d 421, certiorari denied 342 U. S. 932.

Petitioner did not operate any charitable institutions. Its principal activity was the profitable operation of bingo games on a business or commercial basis. The principal source of gross receipts was from the fixed charge or donation assessed against each player for the use of the bingo cards. Petitioner also realized some additional income from the operation of a soda bar and miscellaneous activities.

The record shows that one of the purposes for which petitioner was operated was to engage in commercial activities for profit. Furthermore, the major portion of its contributions was to individual doctors who performed services at city-operated free baby clinics. Clearly such payments were for noncharitable purposes.

We, therefore, hold that petitioner has failed to establish that it is entitled to a tax-exempt status in the taxable years in question, under the rationale of the cases relied upon by the respondent.

*Decision will be entered under Rule 50.*

---

[2] SEC. 501. EXEMPTION FROM TAX ON CORPORATIONS, CERTAIN TRUSTS, ETC.

(a) EXEMPTION FROM TAXATION.—An organization described in subsection (c) * * * shall be exempt from taxation under this subtitle * * *

\* \* \* \* \* \* \*

(c) LIST OF EXEMPT ORGANIZATIONS.—The following organizations are referred to in subsection (a) :

\* \* \* \* \* \* \*

(3) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, *testing for public safety*, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, *and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office.* [The italicized matter is not contained in section 101 (6) of the 1939 Code.]