## GREENE COUNTY MEDICAL SOCIETY FOUNDATION, Plaintiff,

### v.

## UNITED STATES of America, Defendant.

### No. 2596.

United States District Court,
W. D. Missouri, S. D.

July 3, 1972.

Neale, Newman, Bradshaw & Freeman, Springfield, Mo., for plaintiff.

Michael C. Durney, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., Paul Anthony White, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This is a civil action for the refund of federal income taxes paid under protest. The parties have filed two pretrial stipulations. Paragraph 3 of the second stipulation states "that neither party wishes to adduce any additional evidence and both parties are agreed that the questions presented herein may be determined on the basis of the pleadings and the evidence contained in the stipulations and exhibits attached thereto." We therefore adopt by this reference as

our findings of fact the agreed facts presented in both pretrial stipulations.

The parties have stipulated that the following are the relevant determinations which the Court must make:

(1) Whether the sale of phonograph records by the plaintiff during 1964, 1965, and 1966 constituted a trade or business.

(2) If the answer to issue number one is in the affirmative, whether such trade or business was regularly carried on.

(3) Whether the sale of phonograph records by the plaintiff was substantially related to the charitable purposes of the plaintiff, aside from the production of income.

(4) If the answer to the preceding three issues is in the affirmative, whether substantially all the work in carrying on the trade or business was performed without compensation.

Since it will be our conclusion that plaintiff's sale of phonograph records did not constitute a "trade or business" within the meaning or intent of §§ 511, 512, and 513 of the Internal Revenue Code of 1954, it is not necessary for us to reach points (2), (3), and (4) above. Nonetheless, in regard to point (4) we also shall find, as an alternate and independent ground for granting relief to plaintiff, that substantially all of the work performed in carrying on the sale of phonograph records was performed without compensation.

As to point (1), we agree with the initial statement made in plaintiff's reply brief: ". . . it seems obvious Congress did not intend that the proceeds be taxed under circumstances such as exist in this case." The legislative purpose of the applicable IRC sections is stated in Senate Report No. 2375 found in 1950 U.S. Code Congressional Service, 81st Congress, Vol. 2, at page 3081.[1]

In Oklahoma Cattlemen's Association, Inc. v. United States, (W.D.Okla., 1969) 310 F.Supp. 320, 322, the court concluded that the activities of the taxpayer there involved "by the common and generally accepted understanding of the terms cannot be considered a trade or business [cases cited]."

The record production and selling activities of the plaintiff in this case cannot be considered a trade or business under the general rationale of *Oklahoma Cattlemen's Association* with which we agree. The records produced and sold by the plaintiff during the years in question were what must be generally classified as novelty or souvenir items which can not be said to be competitive with the "ordinary business" of commercial record production and sales.

■ Accordingly, we find and conclude that the sale of phonograph records by the plaintiff during 1964, 1965, and 1966 did not constitute a trade or business within the meaning of intent of the relevant statutory language.[2]

1. It is there stated:
    The problem at which the tax on unrelated business income is directed is primarily that of unfair competition. The tax-free status of section 101 organizations enables them to use their profits tax-free to expand operations, while their competitors can expand only with the profits remaining after taxes. Also, a number of examples have arisen where these organizations have, in effect, used their tax exemption to buy an ordinary business. That is, they have acquired the business with little or no investment on their own part and paid for it in installments out of subsequent earnings—a procedure which usually could not be followed if the business were taxable.

2. It is interesting to note in passing that at the time plaintiff applied for its exemption under 26 U.S.C. § 501(c) (3), granted February 17, 1961, it stated in its application form that its only fund raising activity would be the sale of records. Defendant acknowledges in this case that plaintiff could avoid the tax involved by going through the paper work of setting up a royalty arrangement as provided for in 26 U.S.C. § 512(b) (2) and that plaintiff could thus continue its record production and sale activities without having the royalty income subject to tax.

Even if it were assumed for the sake of argument that plaintiff's activities did constitute an unrelated trade or business within the meaning of 26 U.S.C. § 513(a), we would be required to find and conclude that those activities would fall within the exception of subparagraph (1) of that subsection which provides "that such term [unrelated trade or business] does not include any trade or business—(1) in which substantially all the work in carrying on such trade or business is performed for the organization without compensation."

Paragraph 30 of the first of the two pretrial stipulations filed by the parties states in part:

30. It is agreed by the parties that all of the services of the "Singing Doctors," in the composing of songs, rehearsal, travelling and performing at meetings, cutting of master records or other services on behalf of plaintiff were performed without compensation other than reimbursement for travel expenses and hotel accommodations. Defendant contends that the travel time of the doctors should not properly be considered as "services" rendered by them to plaintiff under 26 I.R.C. § 513.

In arguing what is required to satisfy the phrase "substantially all the work," the parties have presented comparisons respecting (a) the monetary value of the respective services rendered in producing and marketing the records, (b) the number of hours worked by the various individuals involved in producing and marketing the records, and (c) the intrinsic importance of the work performed by each participating individual. In their respective briefs both parties have advanced various theories together with supporting mathematical calculations as to the percentage of work, both as a function of total hours and of dollar value, which was performed without compensation.

Without passing on the accuracy or validity of any of the proposed valuations or calculations, we find and conclude that under the circumstances of this case the uncompensated work performed by the "Singing Doctors," when compared with the compensated work of the employed clerical help and the part-time promotional agent, clearly qualifies as "substantially all the work" performed in connection with the production and sale of plaintiff's records during 1964, 1965, and 1966. That conclusion is reached on the basis that under this particular, and perhaps somewhat unique, factual situation the uncompensated work, including the conceiving of the project itself, the originating of the ideas for the parodies of popular songs, the writing of the lyrics, the setting of the lyrics to music, the cutting of the records, and the making of personal appearances by practicing doctors to promote the records, was the essence of the entire endeavor.

Therefore, in accordance with the two alternative and independent grounds for relief stated above, it is

Ordered that judgment should be and the same hereby is entered in favor of the plaintiff and against the defendant. It is further

Ordered that within ten (10) days of the date of this order defendant will, in accordance with the first pretrial stipulation of the parties, compute the appropriate amount of judgment and submit it to the plaintiff in order that an agreed judgment may be entered. It is further

Ordered that if the parties are unable to agree on the appropriate computation within ten (10) days after the date of this order, they will immediately advise the Court so that a date may be set for a hearing to determine the appropriate amount of the judgment.