## SMITH-DODD BUSINESSMAN'S ASSOCIATION, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6533-74.    Filed December 22, 1975.

*Stanley J. Mosio,* for the petitioner.
*Dale L. Newland,* for the respondent.

`

## OPINION

Section 511(a)[4] imposes a tax on income received by exempt

---

[4] Sec. 511(a) provides as follows:

organizations which is derived from unrelated trade or business activities. Section 513(a) [5] defines the term "unrelated trade or business" generally to include any trade or business carried on by an exempt organization, the conduct of which, aside from the organization's need to raise funds, is not substantially related to the exempt purposes of the organization. In the instant case, the evidence is clear that petitioner's regularly conducted bingo games were a trade or business from which it derived considerable income and that the bingo games were not substantially related to petitioner's exempt functions. We think it quite clear that petitioner is subject to the tax on its bingo income.

Petitioner maintains, however, that the operation of its bingo games is not a trade or business and, alternatively, that petitioner's operations fall within the exception in section 513(a)(1) for any trade or business in which substantially all the work is performed without compensation.

Petitioner's first contention, as we understand it, begins with the premise that the Minnesota statutes and certain ordinances of the City of St. Paul describe bingo as a game, not a business, and restrict its operations to charitable organizations. Petitioner then points out that the legislative history of the original enactment of the unrelated business tax shows that the tax was directed toward the unfair competition problems flowing from

---

(a) CHARITABLE, ETC., ORGANIZATIONS TAXABLE AT CORPORATION RATES.—
    (1) IMPOSITION OF TAX.—There is hereby imposed for each taxable year on the unrelated business taxable income (as defined in section 512) of every organization described in paragraph (2) a normal tax and a surtax computed as provided in section 11. In making such computation for purposes of this section, the term "taxable income" as used in section 11 shall be read as "unrelated business taxable income".
    (2) ORGANIZATIONS SUBJECT TO TAX.—
        (A) ORGANIZATIONS DESCRIBED IN SECTIONS 401(a) AND 501(c).—The taxes imposed by paragraph (1) shall apply in the case of any organization (other than a trust described in subsection (b) or an organization described in section 501(c)(1)) which is exempt, except as provided in this part or part II (relating to private foundations), from taxation under this subtitle by reason of section 501(a).
    [5] SEC. 513. UNRELATED TRADE OR BUSINESS.
    (a) GENERAL RULE.—The term "unrelated trade or business" means, in the case of any organization subject to the tax imposed by section 511, any trade or business the conduct of which is not substantially related (aside from the need of such organization for income or funds or the use it makes of the profits derived) to the exercise or performance by such organization of its charitable, educational, or other purpose or function constituting the basis for its exemption under section 501 (or, in the case of an organization described in section 511(a)(2)(B), to the exercise or performance of any purpose or function described in section 501(c)(3)), except that such term does not include any trade or business—
        (1) in which substantially all the work in carrying on such trade or business is performed for the organization without compensation; * * *

the conduct of business activities by exempt organizations engaged in commercial or mercantile activities. See H. Rept. No. 2319, 81st Cong., 2d Sess. (1950), 1950-2 C.B. 380, 408; S. Rept. No. 2375, 81st Cong., 2d Sess. (1950), 1950-2 C.B. 483, 503. From these premises petitioner argues that its bingo operations were not a trade or business within the meaning of section 511, citing *Greene County Medical Society Found. v. United States,* 345 F.Supp. 900 (W.D. Mo. 1972), affd. by unpublished order (8th Cir. 1973), where the court held that income from the cutting and sale of phonograph records as novelties or souvenirs was not unrelated business income of a local medical society.

The applicability of the unrelated business tax depends upon the provisions of the Internal Revenue Code rather than Minnesota State law.[6] Section 1.513-1(a), Income Tax Regs., interprets section 513(a), quoted in footnote 5 *supra,* apart from the specific exceptions, to include the gross income of an exempt organization subject to the section 511 tax in the computation of unrelated business income if: (1) It is income from a trade or business; (2) such trade or business is regularly carried on by the organization; and (3) the conduct of such trade or business is not substantially related (other than through the production of funds) to the organization's performance of its exempt functions.

None of the specific exceptions in section 513 applies to petitioner,[7] and its income meets all three of these tests. The operation of bingo games for the production of income is a trade or business. Cf. *Help The Children, Inc.,* 28 T.C. 1128 (1957); *Porter v. Commissioner,* 437 F.2d 39, 40 (2d Cir. 1970), affg. a Memorandum Opinion of this Court; *Hirsch v. Commissioner,* 315 F.2d 731, 736 (9th Cir. 1963), affg. a Memorandum Opinion of this Court; see also sec. 513(c);[8] sec. 1.513-1(b), Income Tax

---

[6] The Minnesota Statutes on which petitioner relies (Minn. Stat. Ann. secs. 349.01-349.03) exempt bingo conducted by charitable organizations from the prohibitions against gambling, thus recognizing that bingo would otherwise be a form of illegal gambling. In *Commissioner v. Sullivan,* 356 U.S. 27 (1958), gambling was treated as a trade or business within the meaning of sec. 162(a).

[7] See the discussion which follows in the text with respect to the exception in sec. 513(a)(1).

[8] Sec. 513(c) provides as follows:

(c) ADVERTISING, ETC., ACTIVITIES.—For purposes of this section, the term "trade or business" includes any activity which is carried on for the production of income from the sale of goods or the performance of services. For purposes of the preceding sentence, an activity does not lose identity as a trade or business merely because it is carried on within a larger aggregate of similar activities or within a larger complex of other endeavors which may, or may not, be related to the exempt purposes of the organization. Where an activity carried on for profit constitutes an unrelated trade or business, no part of such trade or

Regs. Petitioner's once-a-week activities clearly meet the regularly-carried-on test contained in section 1.513-1(c)(2)(i), Income Tax Regs. Finally, other than the raising of money for its civic and charitable purposes, petitioner's bingo operations had no substantial relationship to its exempt purposes. See sec. 1.513-1(d)(2), Income Tax Regs.

The *Greene County Medical Society Found.* case involved the years 1964, 1965, and 1966, prior to the effective date of the extensive amendments of the unrelated business tax provisions included in the Tax Reform Act of 1969 and, for this reason, provides little help in deciding the instant case. It is true that the court in that case emphasized the absence of any unfair competition flowing from that exempt organization's activities. However, unfair competition plays a relatively insignificant role in the application of the amended unrelated business tax, as shown by the following provisions of section 1.513-1(b), Income Tax Regs.:

In general, any activity of a section 511 organization which is carried on for the production of income and which otherwise possesses the characteristics required to constitute "trade or business" within the meaning of section 162—and which, in addition, is not substantially related to the performance of exempt functions—presents sufficient likelihood of unfair competition to be within the policy of the tax. * * *

Also lacking in merit is petitioner's argument that its case falls within the exception to the definition of unrelated trade or business contained in section 513(a)(1), i.e., a business in which substantially all the work in carrying it on is performed for the organization without compensation. Although the 7 to 10 individuals who handled the bingo operations were each paid $8 for 4 hours of work each week, petitioner maintains that this payment was designed merely to reimburse the workers for the commuting, meals, and laundry expenses they incurred in doing the work. On this theory, petitioner maintains that the payments were not compensation.

We do not agree. In the tax laws, the term "compensation" is a broad concept. See, e.g., *Commissioner v. LoBue,* 351 U.S. 243, 246 (1956); *Commissioner v. Smith,* 324 U.S. 177, 181 (1945). The regulations interpreting this exception in section 513(a)(1)

business shall be excluded from such classification merely because it does not result in profit.

give an example of "an exempt orphanage operating a retail store and selling to the general public, where substantially all the work in carrying on such business is performed for the organization by volunteers without compensation." Sec. 1.513-1(e), Income Tax Regs. Clearly, petitioner's bingo operators were not volunteers. Nor were the payments they received in any way correlated with their expenses. All of the workers were paid at the rate of $2 per hour regardless of the cost of any commuting, meals, or laundry which they could attribute to the bingo work. Indeed, petitioner's withholding of Social Security and State and Federal income taxes from such amounts demonstrates that it regarded them as compensation to its employees at the time the services were performed.[9] We do not think petitioner's bingo operators worked without compensation.

As we view the evidence, the express provisions of sections 511 and 512 compel the conclusion that petitioner is subject to the unrelated business tax on its income from its bingo operations during the years in controversy. To reflect the foregoing,

*Decision will be entered for the respondent.*

---

[9] Respondent points out that the minimum wage for the years before the Court was $1.60 per hour. Also, the total compensation paid each worker was sufficient to enable him to qualify for old age and survivors annuity benefits. 42 U.S.C. secs. 413(a)(2), 414(a)(2) (Supp. 1969).