WACO LODGE NO. 166, BENEVOLENT & PROTECTIVE ORDER OF ELKS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Waco Lodge No. 166, Benevolent & Protective Order of Elks v. Commissioner
Docket No. 15696-79.
United States Tax Court
T.C. Memo 1981-546; 1981 Tax Ct. Memo LEXIS 207; 42 T.C.M. (CCH) 1202; T.C.M. (RIA) 81546; September 24, 1981. *207 Held, petitioner's income from operation of a weekly bingo game constituted unrelated business taxable income under secs. 511 and 513, I.R.C. 1954. Heldfurther, petitioner is not liable for the addition to tax under sec. 6651(a)(1). Jane Matyastik, for the petitioner. Deborah A. Butler, for the respondent. EKMAN
MEMORANDUM FINDINGS OF FACT AND OPINION EKMAN, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year ending March 31, 1976, in the amount of $ 647.66 and an addition to tax under section 6651(a)(1) in the amount of $ 161.91. The issues for decision are (1) whether petitioner, an organization exempt from income tax pursuant to section 501, I.R.C. 1954, had unrelated trade or business taxable income within the meaning of sections 511 and 513; and (2) whether petitioner is liable for the addition to tax determined pursuant to section 6651(a)(1). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner, Waco Lodge No. 166, Benevolent and Protective Order of Elks, is an organization exempt from Federal income *208 tax pursuant to the provisions of section 501(c)(8). For the taxable year ending March 31, 1976, petitioner timely filed Form 990, Return of Organization Exempt from Income Tax. An audit report of petitioner prepared by an independent accounting and tax service did not indicate that petitioner had Federal income tax liability nor did it recommend that petitioner establish a reserve for such liability. In 1978, upon the request of an Internal Revenue Service auditor, petitioner filed Form 990-T, Exempt Organization Business Income Tax Return, for its taxable year ending March 31, 1976. On that form, petitioner reported unrelated business income and expense items pursuant to the auditor's instructions; however, it believed that it did not have unrelated business income and, on March 22, 1979, it filed an informal claim for a refund. In a letter dated July 27, 1979, the District Director for the Internal Revenue Service Center at Austin, Texas informed petitioner that there was "no change" in its liability for unrelated business income tax as reported by petitioner in its Form 990-T. Then, on August 8, 1979, respondent sent to petitioner a statutory notice of deficiency determining *209 that petitioner did not report properly its unrelated business taxable income on Form 990-T. Petitioner's avowed purpose and basis for its exemption under section 501 is "to promote the principle [sic] of charity, justice, brotherly love, and fidelity, to promote welfare and enhance the happiness of its members and to perpetuate itself as a fraternal organization." Petitioner owns and operates a lodge which contains a meeting room, bar, lounge, and kitchen facility. During the taxable year in issue the lodge was open four nights each week. Every night the lodge was open, the bar was open and staffed with a paid bartender. One night a week, for approximately 49 weeks, petitioner conducted weekly bingo games. The bingo games lasted 3-1/2 hours and were operated by petitioner's members and their wives. A minimum of five persons worked the bingo games: two collectors, two cashiers, and one caller. The caller was paid for 20 of the 49 weeks that bingo was played. He received $ 10 each night for 3-1/2 hours of work, which amounted to $ 200 over the course of the year. [1] Petitioner gave the two collectors and two cashiers access to free drinks from the bar. In 1976, these workers consumed *210 drinks worth $ 435.50. Neither the caller nor the bingo players were given drinks free, but they could purchase them if they so chose. Approximately 35 people attended the bingo games nightly. Attendance was limited to members and their guests; however, after guests had come once to the lodge with a member and registered at the door, they could return to the lodge on other bingo nights and play without reregistering. Petitioner introduced no evidence to establish the number of bingo players who were guests. Petitioner had bingo receipts of $ 9,116.23 and gross sales from the bar of $ 3,881.03 for the taxable year in issue, which it reported on Form 990-T as unrelated business income. It deducted as expenses the bartender's salary, other bar costs, bingo costs, and 67 percent of expenses such as depreciation which were attributable to maintaining the organization's facilities. Included among the deductions reported on Form 990-T as bingo expenses were: Bingo workers
$ 435.50
Caller
200.00
Lady Elks [2] *211 762.59
Cleanup [3]
50.00
Respondent's determination of a deficiency reallocated 75 percent of the bar receipts, bar expenses, and depreciation to income and expenses related to petitioner's exempt purpose. Other expenses were allocated 100 percent to petitioner's unrelated business income. OPINION Section 511(a) imposes a tax on income received by exempt organizations which is derived from unrelated trade or business activities. Section 513(a) defines the term "unrelated trade or business" to include any trade or business carried on by an exempt organization, the conduct of which, aside from such organization's need for income, is not substantially related to the purpose which forms the basis for the organization's section 501 exemption. Section 513(f) excepts certain bingo games from unrelated trade or business treatment so long as the games are not carried out on a commercial basis and do not violate any State or local law. Petitioner argues that its bingo games were not an unrelated *212 trade or business within the meaning of section 513(a). Alternatively, petitioner argues that the games are excepted from the definition of an unrelated trade or business pursuant to section 513(f). Respondent contends that the bingo games constituted an unrelated trade or business which was not excepted by section 513(f) from the section 513(a) definition because bingo was illegal in Texas. An exempt organization has unrelated business taxable income if: (1) the income is from a trade or business; (2) such trade or business is regularly carried on; and (3) the conduct of such trade or business is not substantially related to the organization's performance of its exempt function. Section 1.513-1(a), Income Tax Regs. Petitioner does not dispute that its bingo games were regularly carried, on, [4] nor does it contend that they were substantially related to its exempt function. Petitioner instead contends that the bingo games were not a trade or business. It argues that they were private activities, and that private activities do not constitute a trade or business; however, it cites no authority to support this legal theory. Assuming arguendo that a private activity cannot be a trade *213 or business, petitioner has produced no records and introduced no testimony which would indicate that the games were private. This Court has held that bingo is a trade or business, even when all players are either members of an organization or their escorted guests. Help the Children, Inc. v. Commissioner, 28 T.C. 1128 (1957). Compare Smith-Dodd Businessman's Association, Inc. v. Commissioner, 65 T.C. 620 (1975); Porter v. Commissioner, 437 F.2d 39, 40 (2nd Cir. 1970), affg. a Memorandum Opinion of this Court; Hirsch v. Commissioner, 315 F.2d 731, 736 (9th Cir. 1963), affg. a Memorandum Opinion of this Court. Petitioner has not discharged its burden of proof; thus respondent's determination that the bingo activities were a trade or business is presumptively correct. See Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). Petitioner argues that even if its bingo activities satisfy the general definition of an unrelated business, *214 they are excepted from that definition under section 513(a)(1) which provides that an "unrelated trade or business" does not include a business "in which substantially all the work in carrying on such trade or business is performed for the organization without compensation." Petitioner contends that the bartender's compensation was not connected to the bingo activities, and that the Lady Elks, the collectors and cashiers, and the caller (on 29 of 49 nights) worked without compensation. We are satisfied that the monies petitioner paid to the Lady Elks were reimbursement, not compensation. The women who made the sandwiches were members of an independent tax exempt organization and petitioner paid that organization directly for the cost of the sandwich materials. [5] However, we are compelled by the facts presented at trial to disagree with petitioner's other contentions. The bartender's services on bingo night must be treated as part of the total work performed in carrying on the bingo games. While petitioner points *215 out that the bar was down the hall from the bingo room, this is not sufficient evidence to dissociate the bartender's services from the games. We note that petitioner allowed the collectors and cashiers to get free drinks from the bar during the games. Those workers considered the bar close enough to consume $ 435.50 in drinks during the year. [6] Further, the bar was open to all players who came to the bingo games. Petitioner has not discharged its burden of disproving the correctness of respondent's determination that the services of the bartender on bingo nights were part of the total work performed in connection with petitioner's unrelated trade or business of bingo. See Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner's contention that free drinks are not compensation has intuitive appeal. However, the Supreme Court established long ago that the term "compensation" has broad application. See Commissioner v. LoBue, 351 U.S. 243 (1956); *216 Commissioner v. Smith, 324 U.S. 177 (1945).Meals supplied by an employer to its employees free of charge are generally considered compensation unless they are provided under the restrictive conditions of section 119. Petitioner makes no argument that the exception of section 119 applies, and the facts of this case demonstrate that the drinks were intended as compensation. First, petitioner gave free drinks to a limited group. The bingo players paid for their drinks. The caller paid for his drinks. Only the collectors and the cashiers received free drinks from petitioner. Second, the collectors and cashiers were not entitled to free drinks every night the lodge was open, but only on the nights that they worked the bingo games. Third, petitioner's cost of running the bar and lodge was increased by providing the workers with free drinks. Finally, petitioner could not have run the games without the services of the collectors and cashiers. These facts indicate that the free drinks were more than a mere gratuity provided at no extra cost to petitioner, but were intended as compensation, however little, for the worker's services. [7] *217 We are forced to the conclusion that substantially all of the work performed in carrying on the bingo games was compensated. The bartender, the caller, and the collectors and cashiers were compensated. Petitioner makes the de minimis argument that even if the free drinks were compensation, such compensation was so insignificant that the workers were in virtually the same position as they would have been had they received no drinks at all, so they did not receive compensation within *218 the meaning of section 513(a)(1). We note that section 513(a)(1) does not advert to the magnitude of compensation workers receive. We are not prepared to hold that the drinks received were so few, or their cash equivalent so small, that they did not comprise compensation. However, even if we were to disregard the liquid compensation received by the collectors and cashiers we would still be unable to conclude that substantially all the work was performed without compensation. The bartender and the caller were compensated. Together they worked 23.1 percent [8] of the total man-hours worked at the bingo games. We are not prepared to hold that when 23.1 percent of the work performed in an unrelated trade or business is compensated, substantiallyall of the work performed is without compensation. Petitioner's final *219 argument is that its bingo games are excluded from the section 513(a) definition of unrelated trade or business by the "bingo exception" of section 513(f). Respondent argues that petitioner's bingo games were illegal under Texas law, and that section 513(f) does not protect illegal bingo games from the unrelated business income tax. Respondent is correct on both points. Bingo games were illegal in Texas at the time petitioner conducted bingo nights since they fall within the definition of "lottery" as defined in 4 Tex. Penal Code Ann. tit. 10, sec. 47.01(6) (Vernon 1974). See State v. Amvets Post Number 80, 541 S.W. 2d 481 (Tex. Civ. App. 1976). Setting up or promoting a lottery for gain is prohibited by 4 Tex. Penal Code Ann. tit. 10, sec. 47.03(a)(5) (Vernon 1974). [9] *220 Petitioner thus cannot satisfy the requirements of the "bingo exception". Since we have found that petitioner's bingo games were an unrelated trade or business, that not substantially all of the work performed in carrying on the bingo games was without compensation, and that bingo games were illegal in Texas in 1976, we must also find that petitioner's receipts from those bingo games are subject to the unrelated business income tax imposed by section 511. Inasmuch as petitioner has introduced no evidence to establish what portion of the bar receipts, losses and other expenses is properly attributable to the bingo activities, respondent's allocation of income and expenses, as presented in the notice of deficiency, is presumed to be correct. See Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, supra.
Respondent has also determined that petitioner is subject to an addition to tax under section 6651(a)(1) for failure timely to file its Form 990-T. We do not agree. Prior to 1976, petitioner had never filed a Form 990-T, and had never received a notice of deficiency. An independent audit report of petitioner's 1976 fiscal year prepared by an accounting and tax firm neither advised *221 petitioner that it was liable for Federal income tax nor suggested that a reserve be made for that purpose. Petitioner promptly filed Form 990-T when respondent's agent stated that it was required to do so, and filled out such form pursuant to her instructions. After filing, petitioner disputed the agent's evaluation of its unrelated income, and made an informal request for refund. Shortly thereafter, it received a letter from the District Director in Austin, Texas advising it that there was no change in its liability for unrelated business income tax as reported on its Form 990-T for 1976. Petitioner did not fail to file Form 990-T based upon its own belief that it had no unrelated business taxable income; it had before it an independent audit report from a tax service which did not indicate that it was liable for any unrelated business income tax. Relying upon the advice of a competent tax advisor under these circumstances constitutes reasonable cause for failure to file. See, e.g., Coldwater Seafood Corporation v. Commissioner, 69 T.C. 966 (1978); West Coast Ice Co. v. Commissioner, 49 T.C. 345 (1968). Moreover, we cannot help but observe that actions of respondent's own agents *222 indicate that petitioner's liability for unrelated business income tax was by no means self-evident. We therefore find that petitioner is not liable for an addition to tax under section 6651(a)(1). Decision will be entered under Rule 155. Footnotes
1. Petitioner's secretary testified that the caller was paid at the minimum hourly wage for his work. The caller was paid [($ 10/night)/(3-1/2 hours/night)] = $ 2.86/hour.↩
2. The Lady Elks provided free sandwiches for everyone who attended bingo nights and were given $ 15 as reimbursement. 3. This covered one-time payments to persons, such as member's children, who did not work on a regular basis.↩
4. We have held that weekly bingo games satisfy the frequency and continuity requirement of section 1.513-1(c), Income Tax Regs., in Smith-Dodd Businessman's Association, Inc. v. Commissioner, 65 T.C. 620, 624↩ (1975).
5. Petitioner's reimbursement to the women for materials supplied may sometimes have exceeded their costs. Any excess was, in this case, de minimis and may be disregarded.↩
6. Drink prices were 25" for soda water, 35" for beer, and 75" for mixed drinks. The $ 435.50 consumed yearly averages out to $ 2.22 per worker nightly, or approximately 3 mixed drinks, 6.3 beers, or 8.9 soda waters per worker nightly.↩
7. Petitioner's reliance on Rowan Companies, Inc. v. United States,     U.S.    , 49 U.S.L.W. 4646(June 8, 1981), as authority that meals and lodging do not constitute wages for Federal income tax purposes is misplaced. in Rowan, the Supreme Court considered whether the meaning of "wages" for purposes of withholding under the Federal Insurance Contribution Act (FICA) and the Federal Unemployment Tax Act (FUTA) was the same as the meaning of "wages" for purposes of withholding under Federal income tax law. The Supreme Court held that "wages" subject to withholding did not include meals or lodgings excluded from employee gross income by the convenience-of-the-employer exception of section 119 under any of the three taxes - it did not↩ hold generally that meals and lodgings are not wages or compensation.
8. (a) Total compensated hours
266  (1) Caller's compensated hours (3.5 hours/night X 20 nights) = 70
(2) Bartender's compensated hours (4 hours/night X 49 nights) = 196
(b) Total hours worked
1151.5
(1) Caller
3.5 hours/night
(2) Bartender
4.0 hours/night
(3) 4 Workers
16.0 hours/night
23.5 hours nightly
X 49 nights
1151.5 hours
(c) 266 compensated hours/1151.5 total hours = 23.1 percent↩
9. In State v. Amvets Post Number 80, 541 S.W. 2d 481 (Tex. Civ. App. 1976), the Court held that bingo games operated by a veterans' organization constituted an illegal lottery under Texas law. The Court pointed out that even if the organization had a defense to the charge of gambling under 4 Tex. Penal Code Ann. tit. 10, sec. 47.02(b) (Vernon 1974), bingo games were still an illegal lottery.