PUP TENT # 14 MILITARY ORDER OF THE COOTIE OF THE UNITED STATES, INC., a Minnesota corporation, Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. No. 4–81–335.

United States District Court, D. Minnesota, Fourth Division.

July 14, 1982.

Philip J. Stern, Stern & Gurstel, Minneapolis, Minn., for plaintiff.

Mary Frances Clark and Larry Meuwissen, Trial Attys., Tax Div., Dept. of Justice, Washington, D. C., and James M. Rosenbaum, U. S. Atty., Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This lawsuit involves a claim for a refund of federal income tax liabilities for the plaintiff's fiscal years of 1971 and 1972. The matter is now before the Court on the defendant's motion to dismiss and the plaintiff's motion for summary judgment. For the reasons stated herein, the defendant's motion to dismiss will be granted.

## FACTS

The plaintiff, Pup Tent # 14, Military Order of the Cootie, is a nonprofit civic organization exempt from income taxation under 26 U.S.C. § 501(c)(4). Such organizations are subject to income tax on unrelated business income—that is, income from conducting a trade or business not substantially related to the primary charitable or other non-profit purpose. 26 U.S.C. §§ 511–513. The plaintiff conducts bingo games to raise money to help support its operations. For the fiscal years ending in 1971 and 1972, it filed tax returns listing income from bingo as taxable unrelated income. It paid $5,470 in taxes for 1971 and $4,626 in taxes for 1972. The tax returns, with a remittance in the amount of $10,096, were received by the I.R.S. on September 14, 1972. On November 3, 1975, the plaintiff filed claims for refunds of the income taxes paid for fiscal years 1971 and 1972.

During the time the plaintiff's claims for refunds were under consideration, the rules regarding the taxability of income from bingo games were in a state of flux. In 1975, the Tax Court ruled that a tax-exempt organization which operated a bingo

game was subject to tax on the income from the bingo game. *Smith-Dodd Businessman's Association, Inc. v. Commissioner*, 65 T.C. 620 (1975). The Eighth Circuit issued a similar ruling in a case involving a VFW Post in 1978. *Clarence LaBelle Post No. 217 v. United States*, 580 F.2d 270 (8th Cir.), *cert. dismissed*, 439 U.S. 1040, 99 S.Ct. 712, 58 L.Ed.2d 716 (1978). Soon after this ruling, Congress added the following provision to 26 U.S.C. § 513:

(f) Certain Bingo Games.—

(1) In general.—The term "unrelated trade or business" does not include any trade or business which consists of conducting bingo games.

(2) Bingo game defined.—For purposes of paragraph (1), the term "bingo game" means any game of bingo—

(A) of a type which is usually—

(i) the wagers are placed,

(ii) the winners are determined, and

(iii) the distribution of prizes or other property is made,

in the presence of all persons placing wagers in such game,

(B) the conducting of which is not an activity ordinarily carried out on a commercial basis, and

(C) the conducting of which does not violate any State or local law.

Pub.L.No.95–502, § 301(a). The legislative history of this section specifically points out the *Smith-Dodd* and *Clarence LaBelle* decisions as examples of the rule of law that was being overturned by the amendment. [1978] *U.S.Code Cong. & Ad.News* 3716, 3717. The 1978 amendment to 26 U.S.C. § 513 provided that it "shall apply to taxable years beginning after December 31, 1969." Pub.L.No.95–502, § 301(b).

The I.R.S. disallowed the plaintiff's claims for refunds on February 17, 1981. The basis for the disallowance was that the claims were not timely filed under 26 U.S.C. § 6511. This lawsuit was filed on June 22, 1981. The matter is now before the Court on the plaintiff's motion for summary judgment and the defendant's motion to dismiss. There is no dispute over any material facts.

## DISCUSSION

Civil actions to obtain a refund of taxes paid are authorized by 26 U.S.C. § 7422. However, Section 7422(a) provides,

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary ..., according to the provisions of law in that regard....

One of the provisions of law regarding the filing of administrative claims for refunds is Section 6511, the statute of limitations. Section 6511(a) provides that claims for refunds "shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." It has been repeatedly held that "[t]he filing of a timely claim for refund under § 7422(a) is a prerequisite to a tax refund suit and is a jurisdictional requirement that cannot be waived." *Essex v. Vinal*, 499 F.2d 226, 231 (8th Cir. 1974), *cert. denied*, 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 803 (1975). *E.g., Kreiger v. United States*, 539 F.2d 317, 321 (3d Cir. 1976); *Canton v. United States*, 388 F.2d 985, 986 (8th Cir. 1968). Therefore, if the plaintiff's claim was not filed in a timely fashion, the case must be dismissed for lack of subject matter jurisdiction.

It is clear that the plaintiff did not file its claims for refunds within the time allotted by Section 6511. The claim for refunds were filed over three years after the filing of the returns and the payment of the taxes. However, the plaintiff contends that the provision in the 1978 amendment to Section 513 which made the amendment applicable to all tax years beginning after December 31, 1969, extends the time period for filing claims for refunds of taxes paid for all years to which the amendment applies.

In *United States v. Zacks*, 375 U.S. 59, 84 S.Ct. 178, 11 L.Ed.2d 128 (1963), the United States Supreme Court dealt with the issue

of whether a change in the tax laws which was made retroactive to earlier tax years can give rise to a claim for a refund that would otherwise be barred by the statute of limitations. *Zacks* involved a 1956 amendment to the Internal Revenue Code changing the tax treatment of royalty payments received in consideration for the transfer of patent rights. Congress made the amendment retroactive to 1950. In 1953, the taxpayer had paid taxes on royalties received in 1952, and filed a claim for a refund of those taxes in 1958. The government argued that the claim was untimely, and the United States Supreme Court agreed.

The Supreme Court noted that the "sole concern is the intent of Congress in adding this section to the Code." 375 U.S. at 62, 84 S.Ct. at 179. First it examined the administrative and legislative background of the statute to determine Congress' purpose in enacting the amendment. It found that merely providing for a retroactive change in a law that had been inconsistently applied does not indicate an intent to reopen tax years which would be barred by the statute of limitations. Next the Court examined the terms of the amendment and found no express waiver of the general statute of limitations. The Court noted that in many other instances, Congress had included express provisions for reopening prior tax years. Thus, Congress is aware of the problem and knows how to indicate its intent to reopen closed years when it intends to do so. Moreover, a different section in the same Act of Congress under consideration included a waiver of the statute of limitations. The Supreme Court, however, cautioned that a failure by Congress to provide a new statute of limitations does not give rise to a presumption that the

general limitations period applies, because the issue of statutory construction must be decided on the facts of each case. 375 U.S. at 66 n. 8, 84 S.Ct. at 182 n. 8. The Supreme Court concluded that there was insufficient evidence to conclude that Congress had intended to reopen prior tax years for retroactive adjustment.[1]

 The administrative and legislative background of the 1978 amendment to 26 U.S.C. § 513 is very similar to that of the statute involved in *Zacks*. Prior to 1970, tax-exempt organizations such as civic leagues, clubs operated for charitable, recreational, or other nonprofit purposes, and fraternal beneficiary societies or organizations were not subject to tax on unrelated business income. In 1969, Congress amended 26 U.S.C. § 511(a)(2) to add such organizations (including the plaintiff in this case) to the list of those subject to tax on unrelated business income, beginning with taxable years commencing after December 31, 1969. Pub.L.No.91–172, § 121(a)(1). The 1978 amendment to 26 U.S.C. § 513 exempted bingo games from the definition of "unrelated trade or business." The effect of this amendment was to overrule the two judicial decisions, *Smith-Dodd Businessman's Association, Inc. v. Commissioner*, 65 T.C. 620 (1975) and *Clarence LaBelle Post No. 217 v. United States*, 580 F.2d 270 (8th Cir. 1978), which held that income from bingo games was subject to unrelated business income tax. By making the amendment retroactive to tax years beginning after December 31, 1969, Congress apparently intended to correct an inconsistency in the treatment of income from bingo games which had occurred in 1970 through 1978.[2]

1. Shortly after the *Zacks* decision was filed, the Court of Claims interpreted it to mean that the Supreme Court "indicated, at the least, that the normal limitations period in tax cases should continue to be applied unless there are good reasons for thinking that Congress established a new or prolonged period." *Kellogg-Citizens National Bank of Green Bay v. United States*, 330 F.2d 635, 638 (Ct.Cl.1964).

2. The legislative history of the 1978 amendment to 26 U.S.C. § 513 confirms that Con-

gress intended to correct the inconsistency in tax treatment of income from bingo games. The House Committee Report contains only two sentences relating to the provision for retroactive application. The Committee Report states:

The provisions of the bill relating to tax-exempt organizations apply to taxable years beginning after December 31, 1969. As a result, these provisions apply to all taxable years to which the unrelated business taxable income provisions apply to certain tax-ex-

Like in *Zacks*, however, this is insufficient to conclude that Congress also intended to reopen tax years already barred by the statute of limitations. *Zacks*, 375 U.S. at 64, 84 S.Ct. at 180.

The language of the 1978 amendment also fails to indicate a congressional intent to reopen barred tax years. The Act does not mention a waiver of the statute of limitations on refund claims or provide a new period of limitations. The Supreme Court noted in *Zacks*: "It is abundantly clear that Congress is aware of the limitations problem as it affects retroactive tax legislation." 375 U.S. at 65, 84 S.Ct. at 181. After the *Zacks* ruling, Congress should also be aware of the need to give some clear indication of its intent to waive the statute of limitations when it wishes to do so. When enacting the provision now before the Court, Congress remained silent as to any intent to permit the reopening of barred tax years.

Because there is insufficient evidence of a congressional intention to waive the statute of limitations, the Court concludes that 26 U.S.C. § 6511 remains the appropriate statute of limitations for the plaintiff's claims for refunds. The plaintiff did not file a claim within the time allotted under Section 6511, and therefore its claim has not been duly filed within the meaning of 26 U.S.C. § 7422.

Accordingly, IT IS ORDERED that the plaintiff's complaint be, and hereby is, dismissed for lack of subject matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

empt organizations, such as veterans' organizations.

[1978] *U.S.Code Cong. & Ad.News* 3716, 3719–20.