PIETY, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 28128–82X.    Filed January 26, 1984.

Rex K. Holmes (an officer), for the petitioner.
*Judith M. Picken,* for the respondent.

OPINION

CLAPP, *Judge*: Respondent determined petitioner is not exempt from taxation under section 501(c)(3). Pursuant to section 7428,[1] petitioner, having exhausted its administrative remedies, challenges that determination and seeks a declara-

---

[1] All references to sections are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue.

tion by this Court with respect to its initial qualification under section 501(c)(3).

This case was submitted under Tax Court Rule 122. The stipulated administrative record is incorporated herein by this reference. At the time its petition was filed, petitioner had its principal office in Nebraska.

Petitioner was organized under the laws of Nebraska on October 21, 1981, to raise funds for the furtherance of charitable groups, religious groups, and nonprofit ambulance service groups. Petitioner submitted an application for recognition of exemption to respondent on November 4, 1981, claiming to be an organization described in section 501(c)(3). On September 1, 1982, respondent determined petitioner is not exempt under that section because it is not operated exclusively for exempt purposes.

Petitioner's sole activity is the operation of bingo games, the profits from which are to be contributed to organizations recognized by the Internal Revenue Service to be exempt from tax under section 501(c)(3). The bingo games are conducted in a rented building in Council Bluffs, Iowa. Petitioner's "rental payments" pursuant to a lease dated February 18, 1982, cover not only the use of the building, but also pay for "all labor for the supervision and handling of each bingo occasion upon the premises."

To qualify for exemption as an organization described in section 501(c)(3), petitioner must be operated exclusively for exempt purposes.[2] Petitioner contends it satisfies this requirement because it will contribute the profits of the bingo games to exempt organizations and thereby support the activities performed by the exempt organizations. Respondent alleges section 502(a)[3] precludes petitioner from qualifying for exemption on that ground. Respondent is correct.

---

[2] To qualify as an organization described in sec. 501(c)(3), petitioner also must be organized exclusively for exempt purposes. Respondent concedes this issue.

[3] SEC. 502. FEEDER ORGANIZATIONS.

(a) GENERAL RULE.—An organization operated for the primary purpose of carrying on a trade or business for profit shall not be exempt from taxation under section 501 on the ground that all of its profits are payable to one or more organizations exempt from taxation under section 501.

(b) SPECIAL RULE.—For purposes of this section, the term "trade or business" shall not include—

(1) the deriving of rents which would be excluded under section 512(b)(3), if section 512 applied to the organization,

(2) any trade or business in which substantially all the work in carrying on such trade or business is performed for the organization without compensation, or

Petitioner's contention that the contribution of its profits to exempt organizations is a ground for exemption implicitly asks us to resurrect the destination of income doctrine. This doctrine exempted otherwise qualified organizations that did not directly serve exempt purposes but merely conducted business activities and paid their profits to exempt organizations. The doctrine was limited in 1950 when Congress enacted the predecessors of sections 502 and 511 through 513. The Internal Revenue Code now provides a two-pronged approach to such activities. If the business activities are conducted by an otherwise exempt organization, they may be subject to the tax on unrelated business income provided by sections 511 through 513. If the business activities are conducted by a separate organization, section 502(a) may be applicable. See *Industrial Aid for the Blind v. Commissioner*, 73 T.C. 96, 103 (1979). By itself, however, section 502(a) neither grants nor denies exemption.

Subject to the exceptions provided by section 502(b), section 502(a) prevents an organization which is operated for the primary purpose of carrying on a trade or business for profit from qualifying for exemption on the ground that its profits are payable to exempt organizations. Petitioner is operated for the primary purpose of carrying on a trade or business for profit within the meaning of section 502(a). See *Smith-Dodd Businessman's Association, Inc. v. Commissioner*, 65 T.C. 620, 623 (1975). Section 502(a) therefore precludes petitioner from qualifying for exemption by merely supporting exempt organizations unless one of the exceptions in section 502(b) is applicable.

Section 502(b) limits section 502(a) by excepting three categories of activities from the definition of trade or business. Unfortunately for petitioner, its operation of bingo games does not come within any of the exceptions. Petitioner does not derive rents, so section 502(b)(1) is inapplicable; the workers who conduct its bingo games are compensated through the "rental payments," so section 502(b)(2) is inapplicable; and it does not sell donated merchandise, so section 502(b)(3) is inapplicable.

---

(3) any trade or business which is the selling of merchandise, substantially all of which has been received by the organization as gifts or contributions.

Petitioner may qualify for exemption only if it directly serves some exempt purpose. Nothing in the record shows that it does so. Therefore, respondent's determination that petitioner is not operated exclusively for exemptkpurposes must be sustained.[4]

*Decision will be entered for the respondent.*

---

[4]For another way to lose at bingo, see *P.L.L. Scholarship Fund v. Commissioner,* 82 T.C. 196 (1984).